## MOORE & PARTAIN v. WAGNER.

### (No. 3723.)

PRIOR CONVEYANCE, how defeated.
COMMUNITY PROPERTY, sale of.

APPEAL from Guadalupe county.    Opinion by WATTS, J.

OPINION.— This was a suit for an undivided interest in a lot in Seguin and for partition.   Appellants claim as the heirs of their mother, Mrs. S., who died in 1853; that is, her community interest in the land.   Their chain of title is: Conveyance from S., as administrator of H., to T., dated September 1, 1845; reconveyance from F. to S., September 24, 1845; death of Mrs. S. in 1853, and their heirship.

Appellee's chain of title is through two sources: First. Deed from H. to R., October 26, 1839; from R. to James C., November 22, 1839; quitclaim deed from E. W. C. to F. L. R., February 13, 1868; proof of death of James C. and sole heirship of E. W. C.; conveyance from F. L. R. to I., and from I. to appellee.   Second.   Deed from G., as administrator of S., to I., June 8, 1873, and from I. to appellee.   *Held:* This conveyance to R., whether recorded or not, divested him of all title to the land.   The subsequent conveyance by S., as administrator of H., to F., and by F. to S., could not defeat the title to R. or those claiming under him, as it is not shown that either purchased without notice of the R. deed, nor that either F. or S. paid value for the land, both of which were necessary in order to defeat this prior conveyance.   The deed from E. W. C., in connection with the proof that James C. had died leaving the former his sole heir, was sufficient to pass title to F. L. R.   Title by inheritance is as effectual as a written conveyance.

Under his first chain of title appellee showed superior title.   But if this chain should be excluded from consideration, appellants still cannot recover.   It is admitted that G., as administrator of S., sold the land to I. under valid

orders of the probate court. It may be presumed that the sale was made to pay debts. It not being shown that S. died, or when the administration was opened upon his estate, it will not be presumed that this was so long after the death of Mrs. S. that all community debts were either paid or barred. A sale made of community property by the administrator of the husband for the purpose of paying the community debts passes title to the property.

AFFIRMED.